Guinness Ohazuruike, Esq.
Nevada Bar No. 11231
GUINNESS LAW FIRM
6845 W. Charleston Blvd, #A
Las Vegas, Nevada 89117
Telephone:(702) 473-9300
Facsimile:(702) 920-8112
guinnesslaw@gmail.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| FAITH BROWN,<br><br>Plaintiff**,**<br><br>vs.<br><br>ROBERT L. WILKIE, Secretary of<br>Veterans Affairs,<br><br>Defendant. | Case No.<br><br><br>COMPLAINT AND JURY DEMAND |

PARTIES

1. Plaintiff, Faith Brown, is a black, female, and a citizen of United States domiciled in Clark County, Nevada.

2. Plaintiff is a member of the protected class, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq., and applicable case law.

3. Defendant, Robert L. Wilkie, Secretary of Veterans Affairs, is a department of the United States and employer of Plaintiff.

4. At all relevant times, Defendant employed in excess of five hundred employees in offices, branches, substations, and affiliates nationwide and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq.

5. At all relevant times, the conducts alleged herein were the acts or omissions or instructions or directions of certain individuals acting as managers, agents, servants, and employees of Defendant, including but not limited to Ernest Jenkins, first line supervisor to the plaintiff.

1

_____
COMPLAINT AND JURY DEMAND

6. Defendant is therefore liable for the acts and omissions of the individual agents, employees and managers pursuant to the legal theory of vicarious liability and/or agency.

## JURISDICTION

7. This is an action arising under federal law, authorized and instituted pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq. and 42 U.S.C. Section 1981A.

8. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments.

## VENUE

9. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides and Defendant regularly conducts business and where all the alleged wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

A. Defendant's Guidelines on Reporting Harassing Conduct And Making Enquiries Into Allegation of Harassing Conduct, Attachment A, states: "Any person who believes that an individual has been subject of an incident of harassing conduct in violation of this policy must report the matter to anyone in the Complainant's supervisory chain, their immediate supervisor, the EEO program manager, HRMS, the Union, ORM."

B. Plaintiff followed this guideline by reporting the harassing conducts to the Union and the management of Defendant.

C. Defendant policy document titled Handling Allegation Of Sexual Harassment states: "As soon as an allegation of sexual harassment has been brought to the attention of a management official, he/she will immediately notify the EEO program manager, who will report the allegation to the Director, VASNHS. The employees involved will be physically separated."

2

D. Defendant failed to comply with its own policy by not reporting the allegation to the EEO program manager and by failing to separate the employees involved.

E. On or about January 12, 2017 Plaintiff timely initiated a formal charge of discrimination with the EEO program manager at Veterans Affairs Department.

F. On or about December 20, 2017 Plaintiff initiated another formal charge for retaliation with the EEO program manager.

G. Plaintiff promptly and diligently accommodated all E.E.O. requests for information and fully cooperated in the agency's investigation of this matter.

H. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action.

I. Plaintiff elected final agency decision three times on August 29, 2017, September 18, 2018 and January 31, 2019 but defendant failed each one to timely issue Final Agency Decision.

J. On or about March 26, 2019 the Equal Employment Opportunity office issued a Final Agency Decision, granting plaintiff the Right to Sue a prerequisite for filing this action.

<u>GENERAL ALLEGATIONS</u>

11. Plaintiff was employed by defendant in January 2014.

12. Plaintiff worked as Advanced Medical Support Assistant at defendant's facility in North Las Vegas, Clark County, Nevada under immediate supervision of Mr. Ernest Jenkins.

13. Plaintiff supervisor, Ernest Jenkins, subjected her to sexual harassment and/or hostile work environment of sexual nature in the following ways including but not limited to:

a. In July 2014 Ernest Jenkins started offensive and unwelcome sexual advances towards plaintiff by making comments about her body and feminine features.

b. Plaintiff clearly and unequivocally rejected Mr. Jenkins sexual advances towards her.

c. In October 2014 he also made the following comments regarding plaintiff, "you are a distraction here in this department with your body" Plaintiff felt very uncomfortable and stressed and struggled to concentration at work.

d. In November 2014 Mr. Jenkins sent plaintiff home stating "I can see the imprint of your vagina." "I can see your pussy area."

e. Mr. Jenkins offensive and unwelcome sexual conducts continued through the year 2015.

f. Plaintiff felt humiliated, uncomfortable, stressed, and struggled to concentrate at work.

_____
COMPLAINT AND JURY DEMAND

g. On July 9, 2016 Mr. Jenkins approached plaintiff and said to her "yea, Faith I heard you make worthwhile. I heard about what you can do in bed."

h. Plaintiff continued to resist Mr. Jenkins and communicated as much as she could under the circumstance that she was not interested.

i. In July 2016 Mr. Jenkins carried out retaliatory action against plaintiff and in collusion with other employees disclosed plaintiff personal information and medical records to numerous persons in violation of her privacy rights under HIPPA.

j. In December 2016 plaintiff suffered another retaliatory action when her personal and medical information were disclosed and shared with numerous employees.

k. On December 15, 2015 Defendant forced plaintiff to undergo unlawful drug test which she was not required to do by virtue of the position she occupied in the facility.

l. Defendant also subjected plaintiff to face a fact-finding tribunal after the drug test.

m. Plaintiff requested that the Union be involved but defendant refused misleading her that it would be "just some questions and record of proceedings may even be thrown out."

n. Plaintiff was later advised by the Union that she was not required to take a drug test by any law or rule because she worked in the Las Vegas Veterans Affair call center.

o. On or about December 30, 2016, Mr. Jenkins approached plaintiff and made a sexually explicit comment: "I heard you are the best dick sucker yea" "omg, I heard about your sucker. Don't get past around here."

14. The alleged offensive and unwelcome conducts were severe and pervasive, outrageous, and beyond the bounds of decency as to offend the sensibilities of reasonable persons.

15. The alleged offensive and unwelcome conducts constitute hostile work environment of sexual nature.

16. The alleged offensive and unwelcome conducts caused plaintiff to suffer humiliation, emotional distress, loss of sleep, loss of appetite, mental pain and suffering.

17. The alleged sexual harassment or hostile work environment adversely affected plaintiff job performance and adversely affected the terms of her employment including loss of wages, annual leave, and promotion opportunity.

18. Plaintiff eventually contacted the Union and thereafter management but management failed to take appropriate action, rather defendant endorsed the conduct saying: "Ernest is naughty. Now you are going to have to stop making those types of comments."

4

_____
COMPLAINT AND JURY DEMAND

19. After management had cleverly wasted precious time and no action, plaintiff contacted the EEO office and initiated a formal complaint on or about January 12, 2017.

20. After plaintiff initiated formal Complaint Mr. Jenkins increased the retaliatory measures against her and the retaliation assumed different dimensions including:

(a) Several times including on January 11, 2016 Mr. Jenkins excluded plaintiff from attending staff meeting.

(b) On October 8, 2017 Mr. Jenkins ordered plaintiff to get on the phone during her scheduled break time.

(c) Defendant documented plaintiff away without leave (AWOL) even when she was at the workstation.

(d) Defendant documented plaintiff away without leave (AWOL) even when she called in to inform supervisor that she would not report for work and supervisor said okay.

(e) Defendant documented plaintiff away without leave (AWOL) even when her supervisor gave verbal authorization for her absence from the office, on account of her mother's healthcare issues.

(f) Defendant documented plaintiff away without leave (AWOL) when she was attending an approved reasonable accommodation training in November 2018.

(g) Generating frivolous reprimands based on false or fabricated information.

(h) On December 18, 2017 Mr. Jenkins told new VA employees during a meeting to stay away from plaintiff.

(i) On December 18, 2017 Defendant advised new VA employees to be careful when talking to plaintiff because she might file sexual harassment charges against them.

(j) Since then plaintiff has noticed that new employees avoid her and don't even come to me for job related discussion or questions, and render her severely isolated.

(k) For two years Mr. Jenkins refused to do plaintiff's annual performance appraisal report as and when due which adversely affected the terms of her employment.

(l) On December 27, 2018 defendant used trained sniffer dog to sniff at plaintiff.

(m) On December 29, 2018 defendant denied plaintiff training opportunity and overtime.

## FIRST CAUSE OF ACTION
(Sexual Harassment / Hostile Work Environment of Sexual Nature)

21. Plaintiff repeats allegations contained in all preceding paragraphs by reference.

COMPLAINT AND JURY DEMAND

22. Defendant's offensive and unwelcome conducts towards plaintiff were based on her sex and plaintiff had to endure the condition in order to continue her employment.

23. Defendant's sexual harassment conducts were severe and pervasive and created a work environment that a reasonable person would consider intimidating, hostile, or abusive on the basis of her sex in violation of Title VII of Civil Rights Act 1964 as amended.

24. Defendant's offensive and unwelcome conducts subjected plaintiff to emotional distress, humiliation, loss of self-esteem, loss of appetite, and loss of sleep.

25. Defendant's sexual harassment created a hostile work environment that interfered with her job performance and adversely affected the terms of her employment including loss of wages, annual leave, and promotion opportunity.

26. As a result of defendant's hostile work environment of a sexual nature plaintiff suffered general damages and she is entitled to compensation up to $300,000.

## SECOND CAUSE OF ACTION
(Retaliation and/or Hostile Work Environment of Nonsexual Nature)

27. Plaintiff repeats allegations contained in all preceding paragraphs by reference.

28. Defendant carried out adverse employment action against Plaintiff in retaliation for her good faith complaint regarding hostile work environment of sexual nature.

29. Defendant carried out conducts of hostile work environment of nonsexual nature against plaintiff including subjecting her to unlawful drug test and violation of her HIPPA right.

30. Defendant carried out retaliatory employment actions against Plaintiff that interfered with her job performance and adversely affected the terms of her employment including loss of wages, annual leave, and promotion opportunity

31. Defendant's adverse employment actions against Plaintiff were retaliatory and in clear violation of her rights under the Title VII of the Civil Rights Act 1964 as amended.

32. Defendant's adverse employment actions against Plaintiff constitute hostile work environment of nonsexual nature in clear violation of her rights under the Title VII of the Civil Rights Act 1964 as amended.

33. As a result of the adverse employment actions of defendant, plaintiff suffered severe emotional distress, diminished self-esteem, extreme stress in his relationship, recurring sleeplessness, humiliation, loss of dignity, loss of appetite and mental anguish.

6

_____
COMPLAINT AND JURY DEMAND

34. As a result of defendant's retaliations and hostile work environment of nonsexual nature plaintiff suffered general damages and she is entitled to compensation up to $300,000.

## ATTORNEY FEES

35. Plaintiff was compelled to retain the services of an attorney to file this lawsuit and, therefore, she is entitled to reasonable attorney fees and court costs incurred in this action and related administrative proceedings.

## PRAYER FOR RELIEF

WHEREOF Plaintiff demands judgment against Defendant as follows:

1.  Award of $300,000 general compensation for each claim above;

2.  Award of reasonable attorney fees and Court costs in this action;

3.  Award of post-judgment interest at the legal rate or 8% per annum until paid in full;

## DEMAND FOR JURY

Plaintiff, Faith Brown, exercises her right under the U.S. Constitution and applicable statutes and requests that all issues of fact in this action be determined by a jury.

Dated this 5th day of June, 2019.

*/s/Guinness Ohazuruike___*
Guinness Ohazuruike, Esq.
GUINNESS LAW FIRM
6845 W. Charleston Blvd, #A
Las Vegas, Nevada 89117
Telephone:(702) 473-9300
guinnesslaw@gmail.com
*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT

CLARK COUNTY          }
STATE OF NEVADA       }

I, Faith Brown, affirm and state that I am the Plaintiff in this proceeding; that I have read the Complaint and know the contents thereof; that the same is true to my knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. *"I declare under penalty of perjury under the law of the State of Nevada and the laws of the United States of America that the foregoing is true and correct."*

Dated this 5th day of June, 2019.

*/s/ Faith Brown*
FAITH BROWN

7

_____
COMPLAINT AND JURY DEMAND